IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
MAY - 7 2014
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY ________ DEPUTY

STEVEN B. AUBREY, BRIAN E. VODICKA, and CHESTER D. TUTOR,
Plaintiffs,

-vs-

Case No. A-10-CA-076-SS

PETER E. BARLIN, GREGORY H. LAHR, SANDRA F. GUNN, NORTH AMERICAN TITLE COMPANY, LESLEY WILLIAMS, JEFFREY TURNER, VITALY ZARETSKY, and GENNADY BOROKHOVICH,
Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically the various motions to dismiss Plaintiffs' Second Amended Consolidated Complaint ("Live Complaint") [#467]. With the exception of Jeffrey Turner and Gennady Borokhovich,[1] the Defendants have each filed two motions seeking the dismissal of some or all of the Live Complaint. In each of their first motions, Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 8(a), contending that the Plaintiffs' most recent attempt to plead their claims is actually less cogent than the prior, criticized versions, and, because they have had more than enough opportunities to plead their claims, Plaintiffs should not be permitted further amendments and the case should be dismissed with prejudice. *See* Motions to Dismiss [##471, 476, 478, 480].[2] In the second group of motions, Defendants seek the dismissal of several claims pursuant to Federal Rule

[1] Turner is proceeding pro se. Borokhovich has never been served in this case. Plaintiffs' Motion for Substituted Service by Publication to Borokhovich was denied by the Magistrate Judge on December 6, 2013 because it was moot at that time, and no subsequent attempt at service is reflected in the record.

[2] The Court GRANTS Plaintiffs' Motion for Leave to File a Sur-Reply to Defendant Lahr's Reply [#506].

of Civil Procedure 12(b)(6). *See* Motions to Dismiss [##470, 475, 477, 482].[3] Having reviewed these motions, the Plaintiffs' responses, the Defendants' replies, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

## I. Defendants' Rule 8(a) Motions

In the four long years this case has been pending, the Court has repeatedly been critical of the Plaintiffs' pleadings. As early as April 2010, the Court ordered Plaintiffs to file an amended complaint because the complaint on file was:

> far too lengthy, disorganized, and full of extraneous facts. It is, for the most part, a rambling diatribe against the Defendants, and thus lacks a short, plain statement of any single cause of action. Furthermore, it lacks a statement of the particulars of the fraud by which the Plaintiffs claim they were injured.

Order [#61] at 6. On May 11, 2010, Plaintiffs filed their First Amended Complaint [#63], which reduced the length of the pleading to 39 pages, and was far more clear than the earlier pleading. Unfortunately, only five months later, Plaintiffs filed their Second Amended Complaint [#86], which, at 66 pages, was more than 50% longer than the prior complaint. Following a barrage of motions to dismiss, for summary judgment, and to stay or extend the deadlines in the case, in May 2011, the Court reset the case for trial for October 2012. It noted there had "been pending motions to dismiss through almost the entirety of this case" because of "Plaintiffs' irresponsibly deficient pleadings." Order [#140] at 9. After reminding the parties it had "noted on several occasions its displeasure with Plaintiffs' apparent inability to plead sufficiently and properly," the Court warned Plaintiffs it "is not required to, nor is it any longer inclined to, sift through a maze of pleadings and

---

[3] The Court GRANTS Plaintiffs' Motion for Leave to File a Sur-Reply to Defendant NAT/Williams Reply [#510]. The Court further DISMISSES AS MOOT Plaintiffs' Motion to Extend Deadline to Respond to Defendant William Hemphill, Jr.'s Motion to Dismiss [#453].

evidence in an attempt to determine whether Plaintiffs have a viable case." *Id.* After the October 2012 trial date passed and the multiple related lawsuits were consolidated, the Court gave the Plaintiffs what it believed would be one final opportunity to state their claims before trial. As has been detailed in recent orders, Plaintiffs instead waited more than seven months to file an amended complaint, which stated entirely new claims, and added a host of new parties. This led to the Court striking that pleading, and to the eventual filing of the Second Amended Consolidated Complaint [#467], the document the Defendants now seek to have dismissed. That document is 55 pages long, and incorporates by reference the 43-page RICO Statement filed with the Second Amended Consolidated Complaint [#468].

In their Rule 8(a) Motions to Dismiss, Defendants complain that Plaintiffs' Second Amended Consolidated Complaint is lengthy, verbose, contradictory, repetitive, and confusing, and thus violates Rule 8(a). While the Second Amended Complaint remains deserving of much of this criticism, Plaintiffs' pleading is not going to improve. It is well past time to move this case forward. The liberal pleading requirements of Rule 8 require "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The primary purpose of the complaint is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 8 explicitly permits a party to state "as many separate claims or defenses as it has, regardless of consistency." FED. R. CIV. P. 8(d)(3).

The Court concludes the Second Amended Complaint, though far from perfect, is sufficient to satisfy the requirements of Rule 8. *See Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011) ("[Plaintiff's] complaint is not a model of the careful drafter's art, but under the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory."). One

of the factors contributing to this conclusion is that this case has been pending so long, and the defendants and the Court have incurred significant costs to get to this point. *See SerVaas Inc. v. Republic of Iraq*, 540 F. App'x. 38, 42 (2d Cir. 2013) (unpublished) (denying motion to dismiss for forum non conveniens when it was filed more than two-and-a-half years after plaintiff filed complaint). Further, the confusion still present in the Second Amended Complaint is substantially mitigated by the rulings which follow below. Thus, based upon the foregoing, the Court DENIES Defendants' Rule 8(a) Motions to Dismiss [##471, 476, 478, 480].

**II. Rule 12(b)(6) Motions**

Defendants Barlin, Lahr, Gunn, Zaretsky, North American Title Company (NAT), and Williams move to dismiss Plaintiffs' Racketeer Influenced and Corrupt Organizations Act (RICO) claims as barred by the Private Securities Litigation Reform Act (PSLRA) and for failure to state a claim. NAT and Williams also contend the RICO claims are barred by res judicata. Finally, NAT and Williams move to dismiss Tutor's negligence, gross negligence, conspiracy to commit fraud and beneficiary of fraud claims on statute of limitations grounds.

## A. RICO Claims

Plaintiffs' Second Amended Consolidated Complaint alleges Defendants violated RICO, 18 U.S.C. §§ 1962(c)–(d). Four years ago, represented by their first round of lawyers, Plaintiffs asserted similar RICO claims. The then-defendants moved for dismissal, arguing the RICO claims were barred by the PSLRA. *See* Motion to Dismiss, filed on April 1, 2010 [#34]. At a hearing on the motions, the Court warned Plaintiffs the RICO claims appeared to be meritless and Plaintiffs were in danger of Rule 11 sanctions. *See* Hrg. Tr. [#65] at 14–15. Following the hearing, Plaintiffs decided to abandon their RICO claims and filed an Amended Complaint alleging various fraud and securities claims instead. *See* Amended Complaint [#63]. Now, four years and several rounds of attorneys later, the Plaintiffs seek to revive their RICO claims in the Second Amended Complaint. Defendants again argue Plaintiffs' RICO claims are barred under the PLSRA.

The RICO statute provides a private right of action for a person harmed by a pattern of racketeering activity. 18 U.S.C. §§ 1962, 1964(c); *Affco Investments 2001, L.L.C. v. Proskauer Rose, L.L.P.*, 625 F.3d 185, 189 (5th Cir. 2010). "However, Congress limited this right by amending RICO in 1995, as part of the PSLRA, to bar civil RICO claims based on 'any conduct that would have been actionable as fraud in the purchase or sale of securities.'" *Affco*, 625 F.3d at 189 (quoting 18 U.S.C. § 1964(c)). "Accordingly, if the racketeering activity alleged to support a RICO claim is characterized by the plaintiffs as wire, mail, or bank fraud, but it also amounts to securities fraud, the claim must be dismissed." *RA Investments I, LLC v. Deutsche Bank AG*, No. Civ.A.3:04-CV-1565-G, 2005 WL 1356446, at *5 (N.D. Tex. June 6, 2005) (citing *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 619 (S.D. Tex. 2003)); *see also Bald Eagle Area Sch. Dist. v. Keystone Fin., Inc.*, 189 F.3d 321, 330 (3d Cir. 1999) ("[A] plaintiff cannot avoid the

RICO Amendment's bar by pleading mail fraud, wire fraud and bank fraud as predicate offenses in a civil RICO action if the conduct giving rise to those predicate offenses amounts to securities fraud.").

Through the majority of this case's long and tortured history, Plaintiffs have consistently litigated their claims as fraud in the sale of securities, and not under RICO. Plaintiffs have repeatedly conceded in their pleadings that the loans at issue in this case "constitute securities" within the meaning of federal and state securities laws. *See* Original Complaint [#1] at ¶ 102; Amended Complaint [# 63] at ¶15; Second Amended Complaint [#86] at ¶ 182; Third Amended Complaint [#202] at ¶ 183. Plaintiffs rely upon the very same conduct and transactions for both their purported RICO claims and their securities fraud claims. Accordingly, Plaintiffs' RICO claims are barred under Section 107 of the PSLRA. Independent of the PSLRA bar, the RICO claims should also be dismissed because Plaintiffs' attempt to reassert the previously-abandoned claims at this late stage of the proceedings is indicative of bad faith. *See State of La. v. Litton Mortg. Co.*, 50 F.3d 1298, 1304 (5th Cir. 1995) (affirming district court's denial of motion to amend where plaintiff attempted to resurrect an abandoned RICO claim after multiple amendments and court found the proposed amendment was "indicative of possible bad faith and dilatory motive at the worst, and weak attempts at artful pleading at best").

With regard to Vodicka and Aubrey's RICO claims against North American Title and Lesley Williams, NAT and Williams also contend that the claims should be dismissed on res judicata gounds. As these Defendants note, Vodicka and Aubrey brought suit against NAT in state court in

Dallas in 2011.[4] In their Third Amended Petition filed there, Vodicka and Aubrey presented both "Direct Causes of Action" and "Dependent or Derivative Causes of Action." The direct claims were breach of fiduciary duty, Texas Securities Act violations, conspiracy to commit and beneficiary of fraud, and participation in breach of fiduciary duty, all against NAT. The dependent or derivative claims were breach of fiduciary duty, violations of the Texas Securities Act, transferring funds of criminal activity, conspiracy to commit and beneficiary of fraud, and participation in breach of fiduciary duty, all arising out of the acts of what was referred to as the "Gunn-Lahr-Barlin Syndicate." On August 8, 2012, NAT was awarded summary judgment on all of the direct causes of action. [#477-3]. That judgment was affirmed on appeal earlier this year. *Vodicka v. North American Title Co.*, No. 05-13-00126-CV, 2014 WL 348530 (Tex. App.—Dallas Jan. 30, 2014, no pet.). NAT and Williams argue the RICO claims are part of the same transaction (the loan) that gave rise to Vodicka and Aubrey's other claims, and because they could have been brought in the Dallas litigation, they are precluded by res judicata based on the final judgment in that case. *Igal v. Brightstar Info. Tech.*, 250 S.W.3d 78, 86 (Tex. 2008) ("Res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action.").

Vodicka and Aubrey do not contest their RICO claims arise out of the same transaction as the claims stated against NAT in the Dallas case. Rather, they respond the RICO claims are not precluded because they actually filed a RICO claim in the Dallas case, summary judgment was not granted on it, and there is no final judgment barring the claim. They note their direct and derivative

---

[4] The case was styled *Vodicka v. North American Title Co.*, No. DC-11-01142, in the 162nd Judicial District Court of Dallas County, Texas. Williams was not a party to the case, but she argues that she is nevertheless a beneficiary, for res judicata purposes, of the judgment in that case, as she was in complete privity with NAT dueto being sued for actions within the scope of her employment with NAT. Mot. Dism. [#477], at 8 (citing *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977)). The Third Amended Petition further specifically alleged NAT was "liable for the actions of its employees, including Williams." [#477-2] at ¶ 27. Plaintiffs do not contest this point anywhere in their response.

claims were separated by an order entered on October 20, 2011, severing the cases. The derivative claims were given a new number, DC-11-13471, and were then stayed.[5] On July 12, 2012, a month prior to the summary judgment being entered, Plaintiffs filed a motion in the severed and stayed case requesting leave to file an amended petition and asking that the stay be lifted. [#493-8]. The amended petition they sought leave to file added a RICO claim directly against NAT. [#493-9]. The day after the Dallas court granted summary judgment on the direct claims (which took place on August 8, 2012), NAT removed the stayed case to federal court based on the proposed amended petition's assertion of a RICO claim. Ultimately that case was transferred to this court, and consolidated into this action. Vodicka and Aubrey argue these facts demonstrate "[t]here was never a final adjudication, and has never been a final adjudication, on the merits of those claims which were severed, including the RICO claim, as necessary to establish the defense of res judicata." [#493] at ¶ 6 (emphasis omitted).

NAT contends this "misunderstand[s] the Motion to Sever filed in the Dallas County State Court case." [#501] at 2. It asserts the RICO claim should never have been filed in the stayed case, and it only removed that case to federal court to avoid a claim it had waived its right to do so by not seeking removal within 30 days, as required in 28 U.S.C. § 1446(b)(3). Instead, because it was a direct claim, NAT asserts the RICO claim should have been filed in the case in which summary judgment was granted on August 8, 2012, and the claim is therefore barred as it could have been brought in that suit.

---

[5] Those claims were derivative of the claims Vodicka and Aubrey had already filed in this Court against Gunn, Lahr, and Barlin, in the original case of the three cases consolidated into this action, No. A-10-CA-076 SS. The stay was in deference to this Court's jurisdiction over those claims.

To call this situated confused is an understatement. The confusion, however, is entirely of the Plaintiffs' doing, as they chose to file multiple actions against multiple related parties in multiple courts. The Court's review of the state court record shows that on July 12, 2012, Aubrey and Vodicka filed a motion asking the state court for two things: (1) a lifting of the stay; and (2) for leave to file their Second Amended Petition. [#493-8]. In their own words, "this matter should be returned to the active docket and that Plaintiffs be *permitted to file* their Second Amended Petition." *Id.* (emphasis added). When the case was removed to federal court in Dallas, no order had been entered on this motion. The stay was never lifted, and leave to file the amended petition was never granted, either before or after removal. Rather, after the case was transferred to this Court, and before it was consolidated into this case, Aubrey and Vodicka sought leave to file an amended pleading. No. A-12-CV-768 SS [#27]. At the hearing in November 2012, during which the cases were consolidated, the Court granted that motion, and the Third Amended Petition was filed on November 26, 2012. [#47].

Thus, the first time a RICO claim by Aubrey and Vodicka was properly filed against NAT or Williams was on November 26, 2012. Summary judgment was granted in NAT's favor by the Dallas state court on August 8, 2012. As noted at the outset, Aubrey and Vodicka do not—nor could they—contest the RICO claim arises out of the very same loan transaction which is the source of the claims that were dismissed by the Dallas state court in August 2012. Texas has adopted the "transactional approach" to claim preclusion, and thus a claim which could have been brought in a lawsuit in which final judgment has been entered is barred if it arises out of the same transaction that was the basis of the suit. *Igal*, 250 S.W.3d at 86. Applied here, that doctrine means Aubrey and Vodicka's RICO claims against Williams and NAT are barred by res judicata, as well as for the reasons already stated above.

Based upon the foregoing, the Court GRANTS Defendants Barlin, Lahr, Gunn, Zaretsky, Williams, and NAT's Motions to Dismiss Plaintiffs' RICO claims under 18 U.S.C. §§ 1962(c)–(d) [##470, 475, 477, 482]. Although Defendant Jeffrey Turner did not file a motion to dismiss, the Court *sua sponte* DISMISSES Plaintiffs' RICO claims[6] against Defendant Jeffrey Turner for failure to state a claim, for the same reasons as apply to the other defendants.

**B. Limitations**

NAT and Williams also move to dismiss Plaintiff Chester Tutor's negligence, gross negligence, and conspiracy to commit and beneficiary of the fraud claims on the basis that they are barred by Texas's two-year statute of limitations. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Under Texas law, the statutes of limitations for negligence, gross negligence, and conspiracy to commit and beneficiary of the fraud claims are two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 747 (Tex.1999); *Navarro v. Grant Thornton, LLP*, 316 S.W.3d 715, 719 (Tex. App.– Houston [14th Dist.] 2010, no pet.). The applicable statutes of limitations generally begin to run when the facts that authorize a plaintiff to seek judicial relief come into existence. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011). "In most cases, a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all

---

[6] Plaintiffs have only asserted RICO claims against Defendant Turner.

resulting damages have yet to occur." *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003).

Tutor alleges he invested $600,000.00 in a $4.5 million syndicated bridge loan. Complaint at ¶ 21. Tutor further alleges the borrower of the bridge loan did not own all of the property that served as collateral for the loan except the title to the 100-acre tract in Wildhorse Ranch. Complaint at ¶ 20. According to Plaintiffs' allegations, Tutor's loss on the investment occurred on February 3, 2009, when Southside Bank foreclosed on the 100-acre tract in Wildhorse Ranch and took title to it for the amount of the indebtedness. Defendants contend Tutor suffered legal injury when his loan was not repaid and the foreclosure took place on February 3, 2009. Plaintiffs conceded in a previously filed complaint that February 3, 2009, was in fact the date Tutor's claims accrued. *See* First Consolidated Amended Complaint at ¶ 158 [#326] ("Due to the inherent undiscoverable nature of Plaintiffs' injuries, as well as Defendants' fraudulent concealment of the facts underlying Plaintiffs' claims, the February 3, 2009 foreclosure was the first possible date Plaintiffs could have known of their fraud and conspiracy claims."). Tutor's negligence, gross negligence, and conspiracy to commit fraud claims were first stated on May 14, 2012, well past the date the statute on these claims ran (February 3, 2011). *See* No. A-12-CA-503 SS [#1].

Tutor contends his pleading of fraudulent concealment in the Second Amended Complaint tolls the statute of limitation. But he fails to note this only addresses his RICO claims, not his negligence and conspiracy claims. *See* Live Complaint [#467] at ¶¶ 44–46. Moreover, it is the *fact* of injury—not when it is discovered—that matters. *Knott*, 128 S.W.3d at 221; *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). Because the statute of limitations has run on these claims, and there is no basis for equitable tolling, the Court GRANTS Defendants North American Title Company and

Lesley Karen Williams' Motion to Dismiss [#477] Plaintiff Chester Tutor's negligence, gross negligence, and conspiracy to commit fraud claims.

## III. Conclusion

Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Leave to File a Sur-Reply to Defendant Lahr's Reply [#506] is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File a Sur-Reply to Defendants NAT/Williams's Reply [#510] is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs' Motion to Extend Deadline to Response to Defendant William Hemphill, Jr.'s Motion to Dismiss [#453] is DISMISSED AS MOOT;

IT IS FURTHER ORDERED that Defendants Peter E. Barlin, Gregory H. Lahr, Sandra F. Gunn, Vitaly Zaretsky, North American Title Company, and Lesley Karen Williams' Rule 8(a) Motions to Dismiss [##471, 476, 478, 480] are DENIED;

IT IS FURTHER ORDERED that Defendants Peter E. Barlin, Gregory H. Lahr, Sandra F. Gunn, Vitaly Zaretsky, Lesley Karen Williams, and North American Title Company's Motions to Dismiss [##470, 475, 477, 482] are GRANTED;

IT IS FURTHER ORDERED that Plaintiffs' RICO claims against Defendant Jeffrey Turner are DISMISSED *sua sponte* for failure to state a claim;

IT IS FURTHER ORDERED that Plaintiffs RICO claims against Defendant Gennady Borokhovich are DISMISSED WITHOUT PREJUDICE *sua sponte* for failure to state a claim and failure to obtain service of process;

IT IS FINALLY ORDERED that the following Defendants, and all claims against them, are DISMISSED WITH PREJUDICE: North American Title Company, Lesley Karen Williams, Jeffery Turner, and Vital Zaretzky.[7]

SIGNED this 6th day of ~~April~~ May 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

[7] The only remaining claims in this lawsuit are Plaintiffs' claims against Defendants Peter E. Barlin, Gregory H. Lahr, and Sandra F. Gunn under the Texas Securities Act (Counts Nine and Ten).