UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY, et al., | § | No. 1:10–CV–076–DAE |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| PETER E. BARLIN, et al., | § | |
| | § | |
| Defendants. | § | |

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

Before the Court is a Motion for Reconsideration of the Court's Order Denying Defendant's Motion for Sanctions filed by Defendant Peter E. Barlin ("Barlin"). (Dkt. # 600.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After reviewing the Motion and the supporting and opposing memoranda, for the reasons that follow, the Court **DENIES** Barlin's Motion for Reconsideration (Dkt. # 600).

BACKGROUND

Plaintiffs Steven B. Aubrey and Brian E. Vodicka (collectively, "Plaintiffs") initially pursued claims based on the transactions at issue in this case against the defendants in this case in state court. However, Plaintiffs eventually abandoned their state court action, and on January 29, 2010, Plaintiffs filed their Original Complaint in federal court. (Dkt. # 1.) The Original Complaint included

1

federal securities fraud and Racketeer Influenced and Corrupt Organizations Act ("RICO") claims, thereby invoking federal question jurisdiction. (Id. ¶¶ 90–100.) On March 5, 2010, Barlin filed a Motion to Dismiss the Original Complaint. (Dkt. # 22.) In relevant part, Barlin argued that Plaintiffs' RICO claims were barred by the Private Securities Litigation Reform Act ("PSLRA"). (Id. at 10.)

On April 26, 2010, United States District Judge Sam Sparks held a hearing on Barlin's motion at which he warned Plaintiffs that their RICO claims were not likely to succeed. Judge Sparks further noted, "I'm just telling you, you've got Rule 11 staring you in the face. And it doesn't look good for your clients when they had all of this time and lawyers and they get up to trial and they quit in the state court . . . . They have a history of changing lawyers in this court. And you're looking at sanctions." (Dkt. # 65 at 14–15.) Plaintiffs subsequently abandoned their RICO claims in their First Amended Complaint (Dkt. # 63) and changed counsel.

However, Plaintiffs' Second Amended Consolidated Complaint (the "Complaint"), filed on December 21, 2013, included two causes of action for RICO violations. The Complaint specifically states that Plaintiffs brought their RICO claims against former defendants Zaretsky, Borokhovich, Williams, NAT, and Turner, as well as current defendant Sandra Lahr. (Dkt. # 476 ¶¶ 75–89.) The Complaint also alleged two counts of violations of the Texas Securities Act. (Id.

¶¶ 117–58.)  While the Complaint did not specify that Plaintiffs brought RICO claims against Barlin, Barlin's name is mentioned in several allegations supporting the RICO claims.  (See id. ¶¶ 75–89.)

On January 1, 2014, Barlin filed a Motion to Dismiss the RICO claims.  Several other defendants filed similar motions, and on May 7, 2014, Judge Sparks entered an order granting the various defendants' motions to dismiss in which he dismissed Plaintiffs' RICO claims as barred by the PSLRA.  (Dkt. # 536.)  Judge Sparks also noted that "[i]ndependent of the PSLRA bar, the RICO claims should be dismissed because Plaintiffs' attempt to reassert the previously-abandoned claims at this late stage of the proceedings is indicative of bad faith."  (Id. at 6.)

Meanwhile, on February 13, 2014, Barlin filed a Motion for Sanctions under the PSLRA based on Plaintiffs' assertion of RICO claims.  (Dkt. # 517.)  On February 20, 2014, Plaintiffs filed a Response.  (Dkt. # 521.)  On April 17, 2014, Judge Sparks entered an Order denying Barlin's Motion for Sanctions.  (Dkt. # 549.)  Over sixteen months later, on August 26, 2015, Barlin filed the instant Motion for Reconsideration of Judge Sparks's Order.  (Dkt. # 600.)  On September 2, 2015, Plaintiffs filed a Response (Dkt. # 605), and on September 9, 2015, Barlin filed a Reply (Dkt. # 608.)

## LEGAL STANDARD

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004). Whether a motion is considered under Rule 59(e) or Rule 60(b) depends on when it was filed. See id. In this case, because Plaintiffs' Motion was filed more than 28 days after the Court's Order, it is untimely under Rule 59(e). See Fed. R. Civ. P. 59(e) (requiring such a motion to be filed "no later than 28 days after the entry of the judgment"). Accordingly, the Court construes Plaintiffs' Motion as a Rule 60(b) motion for relief from a final judgment or order. See Fed. R. Civ. P. 60(c) (requiring Rule 60(b) motions to be filed "within a reasonable period of time"). Rule 60(b) sets out six grounds for granting relief from a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b)(6) is granted only when "extraordinary circumstances" not covered by the other five enumerated grounds

4

are present.  Batts v. Tow–Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted).  "The district court enjoys considerable discretion when determining whether the movant has satisfied any of these Rule 60(b) standards." Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991).

## DISCUSSION

As explained in Judge Sparks's Order granting Barlin's Motion to Dismiss, the PSLRA bars civil RICO claims based on "any conduct that would have been actionable as fraud in the purchase or sale of securities."  Affco Invs. 2001, L.L.C. v. Proskauer Rose, L.L.P., 625 F.3d 185, 189 (5th Cir. 2010) (quoting 18 U.S.C. § 1964(c)).  "Accordingly, if the racketeering activity alleged to support a RICO claim is characterized by the plaintiffs as wire, mail, or bank fraud, but it also amounts to securities fraud, the claim must be dismissed."  RA Invs. I, LLC v. Deutsche Bank AG, No. 3:04-CV-1565-G, 2005 WL 1356446, at *5 (N.D. Tex. June 6, 2005).  Judge Sparks found that Plaintiffs' RICO claims were barred under the PSLRA because they relied upon the same conduct and transactions to support both their RICO claims and their securities fraud claims.  (Dkt. # 536.)

The PSLRA also provides that "[i]n any private action arising under this chapter, upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of

Civil Procedure."  15 U.S.C. § 78u-4(c)(1).  "If the court makes a finding . . . that a party or attorney violated any requirement of Rule 11(b) . . . the court shall impose sanctions on such party in accordance with Rule 11 of the Federal Rules of Civil Procedure."  Id. § 78u-4(c)(2).

Barlin argues that Judge Sparks found two Rule 11 violations.  First, Barlin argues that Judge Sparks's dismissal of Plaintiffs' RICO claims amounted to a finding that they were not "warranted by existing law."  Second, Barlin argues that Judge Sparks found that Plaintiffs' reassertion of their RICO claims was "indicative of bad faith."  (Dkt. # 600 at 4.)  Barlin therefore contends that he is entitled to more specific findings regarding Plaintiffs' violations of Rule 11(b) and to attorneys' fees and expenses incurred in responding to Plaintiffs' RICO claims.  (Id.)  Plaintiffs respond that Judge Sparks never in fact made a finding of bad faith or any other violation of Rule 11(b), and that in any event they did not assert any RICO claims against Barlin.  (Dkt. # 605 at 2–3.)

"Final adjudication" under § 78u-4(c)(1) occurs upon "the action's final disposition and termination by the district court."  DeMarco v. Depotech Corp., 131 F. Supp. 3d 1185, 1187 (S.D. Cal. Mar. 2, 2001).  "From the district court's perspective, an action is finally adjudicated when the district court case file is closed."  Id. at 1188.  In the same Order denying Barlin's Motion for Sanctions, Judge Sparks denied Plaintiffs' Motion for Entry of Judgment Under Rule 54(b),

6

stating that there was "no basis for complicating the already long and tortured history of this case by splintering it into multiple appeals." (Dkt. # 549 at 2.) Judge Sparks stated that the Court would "enter a final judgment when this case is concluded, but not before." (Id.) Because this case has not yet reached its conclusion, and the case file is still open pending final resolution of the case at trial, there has been no "final adjudication" and Barlin is not yet entitled to specific findings on the record regarding Plaintiffs' and their counsel's compliance with Rule 11(b). See ITI Internet Servs., Inc. v. Solana Capital Partners, Inc., No. C05-2010Z, 2007 WL 666593, at *4 (W.D. Wash. Feb. 27, 2007) (holding that "final adjudication" under the PSLRA took place when the court dismissed the entire action, although the court had dismissed the plaintiffs' PSLRA claims some time earlier).

Finally, the Court also notes that Barlin's Motion for Reconsideration is untimely. Rule 60(c) requires a party to file a Rule 60(b) motion for reconsideration "within a reasonable time." Barlin filed his Motion sixteen months after the entry of the order from which he seeks relief. The Court cannot find that Barlin complied with Rule 60(c) in this instance.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Barlin's Motion for Reconsideration (Dkt. # 600) **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, October 5, 2015.

_____
David Alan Ezra
Senior United States Distict Judge