# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| STEVE AUBREY and BRIAN VODICKA | § | |
| | § | |
| VS. | § | NO. 1:10-CV-076 DAE |
| | § | |
| PETER E. BARLIN, GREGORY H. LAHR and SANDRA G. GUNN | § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE DAVID EZRA
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiffs Steve Aubrey and Brian Vodicka, and Defendants Peter E. Barlin, Gregory H. Lahr, and Sandra G. Gunn's[1] Motions in Limine (Dkt. Nos. 624, 622), and the respective responses. Dkt. Nos. 625, 627. The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

On January 7, 2016, the Court held a final pretrial conference and addressed the parties' pending motions in limine. The Court also ordered the parties to file a stipulation regarding any motions on which they have reached agreement. Dkt. No. 644. The parties filed their stipulation on January 6, 2016 (Dkt. No. 645), and with regard to the matters on which they have agreed, the Court has simply incorporated their agreements into the recommendations set forth below, and noted their agreement. Having reviewed the briefs, the undersigned **HEREBY RECOMMENDS** that the Court make the following orders on the motions in limine:

---

[1] In a separate filing Defendants Gregory H. Lahr and Sandra G. Gunn joined Defendant Peter Barlin's Motion in Limine. Dkt. No. 623.

I. **Plaintiffs' Motion in Limine (Dkt. No. 624)**

1. DENY.

2. GRANT. These matters are directly related to items a - d of the Defendants' motions. In those motions, Defendants seek to prohibit Plaintiffs from arguing that Defendants had committed crimes, were part of a criminal conspiracy, or had dealings with organized crime. In this motion, Plaintiffs seek to exclude any argument by Defendants that they were never charged with a crime related to the subject investments, despite investigations by one or more agencies. Defendants only intend to argue this if Plaintiffs are permitted to argue that Defendants' or others affiliated with them were criminal or engaged in criminal behavior. As the Court has recommended below that Defendants' items a - d be granted, it recommends that this item in Plaintiffs' motion also be granted.

3. GRANT.

4. MODIFIED and AGREED to by the parties.

5. GRANT.

6. MODIFIED and AGREED to by the parties.

7. MODIFIED and AGREED to by the parties.

8. MODIFIED and AGREED to by the parties.

9. AGREED to by the parties.

10. GRANT in part and DENY in part. The parties have agreed to the bulk of this motion, except as to any mention of Defendant Peter Barlin's cancer diagnosis and treatment. With regard to Barlin's cancer diagnosis and treatment, that treatment occurred during the time of the events giving rise to this case, and the Court

concludes that it is relevant to his state of mind with regard to Plaintiffs' assertion that he intentionally defrauded them.

11. DENY.

12. AGREED to by the parties.

13. AGREED to by the parties.

14. AGREED to by the parties.

15. AGREED to by the parties.

16. AGREED to by the parties.

17. MODIFIED and AGREED to by the parties.

18. AGREED to by the parties.

19. MODIFIED and AGREED to by the parties.

20. AGREED to by the parties.

21. AGREED to by the parties.

22. WITHDRAWN.

23. MODIFIED and AGREED to by the parties.

24. MODIFIED and AGREED to by the parties.

25. GRANT.

26. AGREED to by the parties.

27. AGREED to by the parties.

28. AGREED to by the parties.

29. MODIFIED and AGREED to by the parties.

30. MODIFIED and AGREED to by the parties.

31. WITHDRAWN.

32. DENY. This item primarily relates to prior investment or loan transactions between the Plaintiffs and Defendant Lahr. Defendants contend that Plaintiffs invested in a total of ten "hard money loan" deals with Lahr, three of which are the subject matter of this lawsuit. Defendants argue that they should be permitted to discuss the entire course of these dealings, as they argue that Plaintiffs have only claimed that Lahr defrauded them on the investments that turned out to be money losers, and did not do so on the investments on which they had a positive return. Plaintiffs contend that the other transactions had nothing to do with the Manor properties at issue here, and are irrelevant to any issue that will be before the jury.

    One of the Plaintiffs' primary arguments is that they relied heavily on Barlin's assurances regarding Lahr's honesty and integrity in deciding to invest with Lahr, and would not have invested without those assurances. The fact that the Plaintiffs had their own business dealings with Lahr directly before the instant investments, and may or may not have been satisfied with those earlier investments, is probative of whether Barlin's assurances were material to Plaintiffs' decisions to invest. Further, any prejudice to Plaintiffs from the discussion of the other investments is minor at best, and is outweighed by the probative value of the information.

33. MODIFIED and AGREED to by the parties.

## II. Defendant's Motion in Limine (Dkt. No. 622)

a.-d. GRANT. Absent a properly laid foundation, statements made connecting any party to organized crime, any criminal investigation, or Victor Wolf are unlikely to be probative, and would be greatly prejudicial to Defendants.

e. DENY, subject to the stipulation by Plaintiffs at the pretrial conference that they

would not characterize the arrangement between Lahr and Barlin as "parking" as that term of art is defined in securities law.

  f.  GRANT.

  g.  AGREED to by the parties.

  h.  MODIFIED and AGREED to by the parties.

  i.  DENIED.

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiffs' Motion in Limine, Dkt. No. 624, be **GRANTED IN PART, DENIED IN PART, AND DISMISSED AS MOOT**, as set forth above, and Defendants' Motion in Limine, Dkt. No. 622, be **GRANTED IN PART, DENIED IN PART, AND DISMISSED AS MOOT**, also as set forth above.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Given the exigent circumstances, by previous order (Dkt. No. 643) the Court has shortened the normally applicable 14 day period to file an objection to the findings and recommendations contained in this Report.  *See Tripati v. Drake*, No. 89–55330, 1990 WL 100242, at *8 (9th Cir. July 19, 1990) (shortening the time period in which objections had to be filed due to "exigent circumstances"); *United States v. Barney*, 568 F.2d 134, 136 (9th Cir.1978) (ten day period in which to object is a maximum, not a minimum, and court may require a response within a shorter period if "exigencies of the calendar" require); *United States v. Doherty*, No. 05–CR–0494(JS)(WDW), 2009 WL 1310877, at *10 (E.D.N.Y. May 7, 2009).  Thus, a party's failure to file written objections

to the proposed findings and recommendations contained in this Report by 9:00 A.M. on Monday, January 11, 2016 shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 7 day of January, 2016.

_____

ANDREW W. AUSTIN  
UNITED STATES MAGISTRATE JUDGE