THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY and BRIAN E. VODICKA, | § § § § | 1-10-CV-076-DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| PETER E. BARLIN, GREGORY H. LAHR, SANDRA F. GUNN, | § § § § | |
| Defendants. | § | |

ORDER (1) GRANTING AMENDED EMERGENCY MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF; (2) DENYING IN PART MOTION TO EXTEND TIME TO RESPOND

Before the Court is an Amended Emergency Motion by Brian Zimmerman and the Law Firm of Zimmerman, Axelrad, Myer, Stern, & Wise, P.C. (collectively "Movants"), counsel for Plaintiffs Brian Vodicka and Stephen Aubrey (collectively, "Plaintiffs"). The motion requests leave to withdraw as counsel for Plaintiffs, and requests an extension of time to respond to Defendants Peter Barlin, Sandra Gunn, and Gregory Lahr's (collectively, "Defendants") Motions for Sanctions and Entry of Final Judgment (Dkt. ## 715, 716, 717). (Dkt. # 719.) Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing.

1

## BACKGROUND

Plaintiffs retained Movants to represent them in their suit against Defendants; Movants diligently represented Plaintiffs since they were retained in June 2013, and throughout their four week trial, representation that was effective to receiving a favorable verdict against one of the Defendants.  Now, Movants seek to withdraw from the litigation, stating that an irreconcilable conflict of interest has arisen between Plaintiffs and Movants which impacts their ability to continue representing Plaintiffs in this matter.  (Dkt. # 719 ¶ 2.)  Movants filed their amended motion to withdraw on February 20, 2016.  (Id.)  On February 22, 2016, Defendant Barlin filed a Response opposing the motion.  (Dkt. # 720.)  On the same day, Movants filed a reply.  (Dkt. # 721.)

## LEGAL STANDARD

"Attorneys are normally expected to work through the completion of a case." Fed. Trade Comm'n v. Intellipay, Inc., 828 F. Supp. 33, 33 (S.D. Tex. 1993).  However, the district court has the discretion to grant an attorney leave to "withdraw from representation" upon "a showing of good cause and reasonable notice to the client." Matter of Wynn, 889 F.2d 644, 646 (5th Cir. 1989).  The attorney seeking to withdraw from representation "bears the burden of proving the existence of good cause for withdrawal." Hernandez v. Aleman Constr., No. 3:10–CV–2229, 2014 WL 1794833, at *1 (N.D. Tex. May 4, 2014).  Good cause must

2

be corroborated by evidence in the record.  See Fed Trade Comm'n 828 F. Supp. at 34; see also Hernandez, 2014 WL 1794833, at *1 ("In the proper exercise of its discretion, the district court must insure that it is aware of the reasons behind the request for withdrawal" (quoting United States v. Cole, 988 F.2d 681, 683 (7th Cir. 1993)).

The Local Rules for the Western District of Texas specify an additional requirement which must be met before an attorney may withdraw from representation: where "the successor attorney is not known," the attorney seeking to withdraw must provide the court with her client's name, address, and telephone number, as well as the client's signature "or a detailed explanation why the client's signature could not be obtained after due diligence."  W.D. Tex. Civ. R. AT-3.

## ANALYSIS

Based upon Mr. Zimmerman's representations to the Court, it is apparent that Plaintiffs and Movants have reached a stalemate: the Movants have declared that "an irreconcilable conflict of interest has arisen between Plaintiffs and Movants."  (Dkt. # 719 ¶ 2.)  It appears in particular that Plaintiff Vodicka has attempted to compel Movants into filing motions in this matter which, in Movants' opinion, would violate their ethical obligations to the Court.  (Dkt. # 719 ¶ 4.)

Defendant Barlin opposes Movants' Motion to Withdraw, arguing that Defendants have been mired in this litigation for more than eight years and

emphasizing that Plaintiffs have used many dilatory tactics to delay resolution of this litigation, including cycling through their attorneys. (Dkt. # 720 ¶ 1.) In fact, Movants are Plaintiffs' seventh set of attorneys. (Id.) Defendants' concern—that permitting Movants to withdraw as counsel will unduly prejudice their client by further prolonging this litigation—is legitimate. (Dkt. # 720 ¶ 4.) However, the Court finds that the prejudice can be significantly mitigated by ensuring that the litigation proceeds without disruption; accordingly, the Court will deny Movants' request to significantly extend Plaintiffs' deadlines to respond to the pending motions. (Dkt. # 719 ¶ 5; Dkt. # 721 at 2.)

    Accordingly, Movants have demonstrated good cause as to why they should be permitted to withdraw from their representation of Plaintiffs. Movants' representations to the Court demonstrate that continued representation forces Movants to make the undesirable choice of violating their ethical duties to the Court, or violating Plaintiffs' requests. Continued representation would be futile.

    Movants informed Plaintiffs of their intent to withdraw as counsel and sought their signatures pursuant to Local Rule AT-3. (Dkt. # 719 ¶ 4.) It appears that Plaintiff Vodicka has refused to sign the motion unless Movants file various motions before the Court, and Mr. Aubrey has ceased to communicate with Movants. (Id.) Movants do not believe they will be able to attain Plaintiffs' signatures with any additional amount of time and effort. Accordingly, Movants

have adequately explained Plaintiffs' failure to sign, pursuant to the Local Rules. Movants are not aware that Plaintiffs have obtained new representation, and provided the Court with each Plaintiff's address and phone number pursuant to the Local Rules.  (Id. ¶ 3.)  Accordingly, this Court finds that Movants have sufficiently complied with the Local Rules.

As stated above, granting Movants' Motion to significantly extend the deadlines for Plaintiffs to respond to the three pending Defense motions (Dkt. ## 715, 716, 717) will cause undue prejudice to Defendants.  Conversely, denying the Motion will not unduly prejudice Plaintiffs, both of whom are sophisticated businessmen, and one of whom is admitted to practice law in the state of Texas. Plaintiffs are granted a seven-day (7) extension of time to respond to the pending Defense motions.  No further extensions will be granted.

## CONCLUSION

For the foregoing reasons, Movants' Emergency Motion to Withdraw as Counsel is **GRANTED**.  (Dkt. # 719.)  Further, Movants' Motion to Extend the deadline to respond to pending Defense motions (Dkt. ## 715, 716, 717) is **DENIED IN PART**.  Plaintiffs' deadlines to respond to the motions are extended by seven (7) days.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, February 23, 2016.

_____

David Alan Ezra
Senior United States Distict Judge