THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY | § | 1-10-CV-076-DAE |
| and BRIAN E. VODICKA, | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | |
| | § | |
| PETER E. BARLIN, GREGORY | § | |
| H. LAHR, SANDRA F. GUNN, | § | |
| | § | |
| Defendants. | § | |
| | § | |

ORDER DENYING: (1) PLAINTIFF'S MOTION FOR EXTENSION OF
TIME; (2) PLAINTIFF'S MOTION FOR RECONSIDERATON;
(3) PLAINTIFF'S MOTON TO SEAL

Before the Court is Plaintiff Steve Aubrey's Motion for Extension of
Time to Respond to Entry of Final Judgment (Dkt. # 729), Response to Motion to
Withdraw as Counsel (Dkt. # 731), and Motion to Seal Document (Dkt. # 732).
Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for
disposition without a hearing.  After reviewing the Motions and the supporting
memoranda, the Court **DENIES** Plaintiff's Motions (Dkt. ## 729, 731, 732).

As a preliminary matter, Mr. Aubrey is reminded that he is not an
attorney and may not represent Mr. Vodicka in federal court.  28 U.S.C. § 1654;
Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978); see also Guajardo v. Luna, 432
F.2d 1324, 1324 (5th Cir. 1970) (holding that an individual who is not admitted to

1

practice law is "not authorized to appear in any court to represent a third party"). Accordingly, the Court will consider only the representations that Mr. Aubrey has made as to himself, and will not consider the representations that Mr. Aubrey has made on behalf of Mr. Vodicka.

I.      Motion to Extend Time

Plaintiff's Motion for Extension of Time to Respond to Entry of Final Judgment (Dkt. # 729) is **DENIED**.  While Mr. Aubrey states he "**HAS [N]EVER SEEN THE MOTIONS FOR FINAL JUDGMENT**," the Court finds this reason is insufficient to further delay entry of final judgment, and that entry of such judgment does not cause undue prejudice to Plaintiffs.  (Dkt. # 729 at 1 (emphasis in original).)  To the extent Mr. Aubrey claims his co-plaintiff Mr. Vodicka would be prejudiced by entry of final judgment due to his commitment to the hospital, the Court notes that "Exhibit A" attached to the motion is so redacted that its authenticity cannot be determined.  (Dkt. # 729 at 5.)  This document will not be considered when evaluating the merits of the motion.  (Id.)

The Court has carefully reviewed Defendants' February 16, 2016 proposed Final Judgment (Dkt. # 715-1), and finds that the Final Judgment accurately reflects each element of the verdict reached by the sworn jury and read in open court on February 5, 2016 (Dkt. # 712).  Additionally, this Court previously granted Plaintiffs seven additional days to respond to Defendant's

Motion for Final Judgment.[1]  (Dkt. # 723.)  Further delaying entry of a final judgment which merely reflects the jury's verdict will cause an injustice to Defendants.  Accordingly, Plaintiff's Motion for an Extension of Time to File a Response is **DENIED**.  (Dkt. # 729.)

II.     Motion for Reconsideration

Mr. Aubrey's Response to Motion to Withdraw (Dkt. # 731) appears to be a motion for reconsideration of this Court's February 23, 2016 order granting Plaintiffs' counsel leave to withdraw (Dkt. # 723).[2]  See U.S. v. Greenwood, 974 F.2d 1449, 1466 (5th Cir. 1992) ("[T]he Court has been quite permissive about what qualifies as a 'motion for reconsideration'—i.e., any request, however phrased, that a district court 'reconsider a question decided in the case in order to effect an alteration of the rights adjudicated" (quoting U.S. v. Ibarra, 112 S. Ct. 4, 6 (1991)).).

Federal Rule of Civil Procedure 54(b) permits courts to revise orders

---

[1] The Court further notes that it previously considered and denied Plaintiff's February 25, 2016 motion for additional time to respond to Defendant's Motion for Final Judgment.  (Dkt. # 726.)

[2] Courts must liberally construe the filings of pro se litigants.  Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Winland v. Quarternamn, 578 F.3d 314, 316 (5th Cir. 2009) (noting the "well-established precedent requiring that [the court] construe pro se briefs liberally").  Accordingly, courts hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers."  Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011) (quoting Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002)).

that do not render final judgment "at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). Pursuant to Rule 54(b), "a district court may reconsider and revise its prior orders without the timing restrictions and jurisdictional constraints that limit the court's authority to amend a judgment under Rules 59(e) or 60(b)." WorkSTEPS, Inc. v. ErgoScience, Inc., 88 F. Supp. 3d 752, 758 (W.D. Tex. Sept. 1, 2015). When evaluating a motion for reconsideration pursuant to Rule 54(b), the court should apply the same legal standard as used in evaluating a Rule 59(e) motion; the court will only alter its judgment to "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Id. (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).

Mr. Aubrey's motion does not identify a single error of law or fact in this Court's February 23, 2016 Order (Dkt. # 723). (Dkt. # 731.) Further, the attached declaration of Brian Vodicka, which alleges his former attorney represented him as part of a fraudulent investment scheme, presents no evidence that would convince this Court that its prior order was erroneous.[3] (Dkt. # 731-1 ¶¶ 1–2, 9.) Accordingly, the Motion for Reconsideration is **DENIED** (Dkt. # 731).

---

[3] This Court in no way affirms the validity of the facts alleged in Mr. Vodicka's declaration. (Dkt. # 731-1.) Further, the Court notes that, in considering the facts alleged in a declaration, it will not consider those portions of the declaration which are actually legal assertions. See In re Norplant Contraceptive Products Liab. Litig., 900 F. Supp. 2d 92, 93 (E.D. Tex. 1995).

4

Plaintiff's Motion to File an Additional Exhibit Under Seal (Dkt. # 732) is also **DENIED**.  There is no indication that the nearly four-year-old information Mr. Aubrey wishes to file under seal in connection with his Motion for Reconsideration (Dkt. # 731) is "newly discovered evidence" warranting the Court's consideration.  Permitting Mr. Aubrey to file the exhibit under seal would be futile.

For the reasons stated above, Mr. Aubrey's Motion for an Extension of Time to File a Response is **DENIED** (Dkt. # 729).  His Response to Counsel's Motion to Withdraw, insofar as it appears to be a motion for reconsideration of this Court's February 23, 2016 Order (Dkt. # 723), is **DENIED** (Dkt. # 731).  Finally, Plaintiff's Motion to File Under Seal is **DENIED** (Dkt. # 732).

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, March 2, 2016.

_____

David Alan Ezra
Senior United States Distict Judge