THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY and BRIAN E. VODICKA, | § § § | 1-10-CV-076-DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| PETER E. BARLIN, GREGORY H. LAHR, SANDRA F. GUNN, | § § § § | |
| Defendants. | § § | |

ORDER DENYING (1) MOTION TO UNSEAL; (2) MOTION TO SEVER

Before the Court are Colonel Chester Tutor's Motions to Unseal (Dkt. # 695) and Motion to Sever (Dkt. # 698), as well as a Response to the Motion to Sever filed by Defendants Sandra Gunn and Gregory Lahr. (Dkt. # 713.)  Pursuant to Local Rule 7(h), the Court finds these matters are suitable for disposition without a hearing.  For the reasons stated below, Colonel Tutor's Motion to Unseal is **DENIED**, and his motion to Sever is **DENIED**.

I.  Motion to Unseal

Colonel Tutor wishes to unseal two motions, and their associated exhibits, filed in Case No. 1:12–cv–503 prior to consolidation with the instant case: a Motion for Leave to Seal Court Records (Dkt. # 7),

1

and Motion for Leave to File Second Amended Complaint (Dkt. # 50). (Dkt. # 695 ¶¶ 9–11, 23, 34.) It appears Tutor wishes to unseal the documents to ensure that his case can be reviewed by the Fifth Circuit. (Id. ¶ 23.) That the records are sealed has no effect over the Fifth Circuit's ability to hear an appeal.

Further, Colonel Tutor's concern that the above-mentioned documents and associated exhibits were lost in the move to the new federal courthouse is unfounded. (Dkt. # 695 ¶ 22.) These documents, as well as all of this Court's records, are electronically imaged upon filing, and are intact. Accordingly, Colonel Tutor's Motion to Unseal is **DENIED**.

II. Motion to Sever

Colonel Tutor seeks to sever his claims from those of Plaintiffs Steven Aubrey and Brian Vodicka so that "the record is not clouded for appellate purposes." (Dkt. # 698 ¶ 4.) Tutor's claims were joined to the instant suit on November 26, 2012, pursuant to an Unopposed Motion to Consolidate Case No. 1:12–cv–503 with Case No. 1:12–cv–768 filed by now–dismissed Defendants North American Title Company ("NAT") and Lesley Karen Williams. (Dkt. # 69 at 2 in 1:12–CV–503.)

On November 16, 2012, the Court held a hearing attended by all relevant parties, at which it confirmed its intention to consolidate 1:12–

CV–503 and 1:12–CV–768 with the instant case. (Dkt. # 293; Dkt. # 295 at 2.) Colonel Tutor did not object to the consolidation of the cases at that time. Colonel Tutor cites no law, and the Court can find none, that would permit Colonel Tutor to move to sever his dismissed causes of action from the suit more than three years after the cases were consolidated without opposition.

On May 7, 2014, United States District Judge Sam Sparks entered an order granting NAT's and Williams' Motion to Dismiss Colonel Tutor's claims, finding that his claims were barred by the applicable statute of limitations. (Dkt. # 536 at 10–12.) To the extent that Colonel Tutor now wishes the Court to reconsider that Order (Dkt. # 698 ¶¶ 2–3), he is barred from doing so; he has waited nearly two years to raise the issue and has presented no new information to support such extraordinary action by the Court. See S.E.C. v. Life Partners Holdings, Inc., 41 F. Supp. 3d 550, 562 (W.D. Tex. 2013).

Colonel Tutor has presented no viable legal theory to support his Motion to Sever, and the Motion is **DENIED**. (Dkt. # 698.)

III. <u>Conclusion</u>

For the aforementioned reasons, Colonel Tutor's Motion to Unseal is **DENIED** (Dkt. # 698).  Colonel Tutor's Motion to Sever is **DENIED** (Dkt. # 698).

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, March 21, 2016.

_____
David Alan Ezra
Senior United States Distict Judge