THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY and BRIAN E. VODICKA, | § § § | 1-10-CV-076-DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| PETER E. BARLIN, GREGORY H. LAHR, SANDRA F. GUNN, | § § § | |
| Defendants. | § § | |

ORDER: (1) GRANTING MOTIONS FOR RECONSIDERATION;
(2) VACATING SANCTIONS ORDER; AND (3) MOOTING MOTION
FOR SUPPLEMENTAL RELIEF

Before the Court are two Motions for Reconsideration of this Court's April 18, 2016 Sanctions Order (Dkt. # 757), filed on April 27, 2016, by both Plaintiff Steve Aubrey (Dkt. # 760), and by attorney Brian Zimmerman and the Law Firm of Zimmerman, Axelrad, Meyer, Stern, & Wise, P.C. (collectively, "Movants") (Dkt. # 761). On May 3, 2016, Defendant Peter Barlin timely responded to each Motion for Reconsideration (Dkts. ## 764, 765). The same day, Movants filed a Supplemental Motion for Relief. (Dkt. # 766.)

For the reasons stated below, the Motions for Reconsideration filed by Aubrey and Movants are **GRANTED** (Dkts. ## 760, 761). This Court's April 18,

1

2016 Sanctions Order is **VACATED** (Dkt. # 757), and Defendant Peter Barlin, Sandra Gunn, and Gregory Lahr's (collectively, "Defendants") Motions for Sanctions are **DENIED** (Dkts. ## 716, 717).  Barlin's Motion for Attorney Fees is **DENIED** (Dkt. # 744).  Movants' Supplemental Motion for Relief is **DENIED AS MOOT** (Dkt. # 766).

## BACKGROUND

On April 18, 2016, this Court awarded sanctions against Plaintiffs Steven Aubrey and Brian Vodicka (collectively "Plaintiffs"), and their attorney Brian Zimmerman, after conducting a Rule 11(b) sanctions analysis pursuant to the Private Securities Litigation and Reform Act ("PSLRA") (Dkt. # 757).  However, at the time the Court issued its order, it was unaware that the Defendants had failed to comply with the "safe harbor" provisions set forth by Federal Rule of Civil Procedure 11(c)(2).  (See Dkt. # 722 at 5–6.)  Accordingly, the Court reconsiders its order.

## LEGAL STANDARD

I.  Motion for Reconsideration Under Rule 59(e)

Movants moved for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure.  (Dkt. # 761.)  However, "[a] motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment."  Demahy v.

2

Schwarz Pharma, Inc., 702 F.3d 177, 182 n.2 (5th Cir. 2012).  Movants' and Aubrey's motions for reconsideration were filed within this twenty-eight day period, and Rule 59(e) will be applied here.

"A Rule 59(e) motion calls into question the correctness of a judgment."  Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004).  "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact."  Demahy, 702 F.3d at 182.  Rule 59(e), however, is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment," Templet, 367 F.3d at 478, and it "should not be used to . . . re-urge matters that have already been advanced by a party."  Nationalist Movement v. Town of Jena, 321 F. App'x 359, 364 (5th Cir. 2009).  Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly."  Id.

II.     Safe Harbor Provision of Rule 11

Federal Rule of Civil Procedure 11, which sets forth the procedure for notice and sanctions, contains a safe harbor provision requiring that any motion for sanctions "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or

appropriately corrected within 21 days after service . . ." Fed. R. Civ. P. 11(c)(2); see Tompkins v. Cyr, 202 F.3d 770, 788 (5th Cir. 2000). "Compliance with the service requirement is a mandatory prerequisite to an award of sanctions under Rule 11." In re Pratt, 524 F.3d 580, 586 (5th Cir. 2008); see also Standard Ins. Co. v. Cooper-Pipkins, No. 3:08–cv–0746, 2008 WL 5000044, at *2 (N.D. Tex. Nov. 24, 2008) ("[T]he 'safe harbor' procedure is deemed a mandatory procedural prerequisite to seeking Rule 11 sanctions.").

Where the party seeking sanctions does not "comply with this procedural prerequisite . . . the sanction and payment of costs and attorneys' fees . . . cannot be upheld under Rule 11." Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995). "Informal notice . . . is not an adequate substitute" for compliance with the Rule 11 "safe harbor" provision. Cappa Fund III, LLC v. Actherm Holding, A.S., No. 3:10–cv–897, 2011 WL 817384, at *2 (N.D. Tex. Feb. 21, 2011). While some circuits have permitted courts to shift away from this strict rule in the context of the PSLRA, the rule in the Fifth Circuit is clear: even where a party moves for sanctions under the mandatory review provision of the PSLRA, it must first comply with the "safe harbor" provision of Rule 11. Compare Brunig v. Clark, 560 F.3d 292, 298 n. 22 (5th Cir. 2009) (explaining that the PSLRA "defers to the procedural rule . . . that courts shall impose sanctions 'in accordance with Rule 11'" and requiring parties to file a procedurally appropriate motion "despite the

4

PSLRA's presumption in favor of attorneys' fees"), with ATSI Comm., Inc. v. Shaar Fund, Ltd., 579 F.3d 143, 152 (2d Cir. 2009) (finding that the PSLRA's instruction that the court conduct a Rule 11(b) review at the conclusion of litigation involving private actions arising under securities laws "is the functional equivalent of the forewarning given litigants by the pendency of a Rule 11 finding").

## ANALYSIS

Here, Defendants failed to demonstrate to the Court that they complied with the "safe harbor" provision of Rule 11 by serving copies of their Motions for Sanctions on the Plaintiffs at least twenty-one days prior to filing the motions for sanctions with the Court (Dkts. ## 716, 717).  Though Plaintiffs were likely aware that Defendants planned to move for sanctions at the conclusion of the trial based upon their previous motions for sanctions, the Fifth Circuit has not ruled that the PSLRA creates an exception to Rule 11's strict "safe harbor" rule.  In re Pratt, 524 F.3d at 586 (holding that informal notice is insufficient to satisfy the procedural requirements of Rule 11 or Federal Rule of Bankruptcy Procedure 9011); Florance v. Bush, 2010 WL 2710665, at *2 (N.D. Tex. June 24, 2010) (explaining that the safe harbor provision of Rule 11 "is strictly construed and substantial compliance is insufficient").  While there is no question that the conduct warrants sanctions, this Court has no option but to ultimately deny the request.

## CONCLUSION

For the reasons stated above, the Motions for Reconsideration are **GRANTED** (Dkts. ## 760, 761). Movants' Supplemental Motion for Relief is **DENIED AS MOOT** (Dkt. # 766). This Court's April 18, 2016 Order granting Motions for Sanctions and Attorney Fees is **VACATED**. (Dkt. # 757.) Defendants' Motions for Sanctions are **DENIED** (Dkts. ## 716, 717). Barlin's Motion for Attorney Fees is **DENIED** (Dkt. # 744).

**IT IS SO ORDERED.**

**DATED:** Austin, Texas. May 5, 2016.

_____
David Alan Ezra
Senior United States Distict Judge