THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEVEN B. AUBREY and BRIAN E. VODICKA, | § § § | 1–10–CV–076–DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| PETER E. BARLIN, GREGORY H. LAHR, SANDRA F. GUNN, | § § § § | |
| Defendants. | § | |
| CHESTER D. TUTOR, | § | 1–12–CV–403 |
| Plaintiff, | § § | |
| v. | § § | |
| NORTHA AMERICAN TITLE COMPANY, LESLEY KAREN WILLIAMS, JEFF TURNER, and VITALEY ZARETSKY, | § § § § § | |
| Defendants. | § | |

ORDER DENYING MOTION FOR A NEW TRIAL

Before the Court is a Motion for a Partial New Trial filed by Chester Tutor (Dkt. # 754), as well as a Response filed by former Defendants North American Title Company ("NAT") and Lesley Karen Williams ("Williams"). (Dkt. # 755.) Pursuant to Local Rule 7(h), the Court finds this matter is suitable for

1

disposition without a hearing.  For the reasons stated below, Colonel Tutor's Motion for a Partial New Trial is **DENIED** (Dkt. # 754).

## BACKGROUND

Tutor's claims were joined to the instant suit on November 26, 2012, pursuant to an Unopposed Motion to Consolidate and after a hearing attended by all relevant parties.  (Dkt. # 293; Dkt. # 295 at 2; Dkt. # 69 at 2 in 1:12–CV–503.)  Tutor filed a Second Amended Consolidated Complaint against various defendants with Plaintiffs Steven Aubrey and Brian Vodicka on December 21, 2013.  (Dkt. # 467.)

On May 7, 2014, United States District Judge Sam Sparks entered an order granting NAT's and Williams' Motion to Dismiss Tutor's claims, finding that Tutor's claims were barred by the applicable statute of limitations.  (Dkt. # 536 at 10–12.)  Judge Sparks also dismissed the RICO claims alleged by Tutor, Aubrey, and Vodicka, after finding these claims were barred by section 107 the Private Securities Litigation Reform Act, and additionally finding that the claims were brought in bad faith.  (Id. at 6.)  Judge Sparks found that Vodicka and Aubrey were further barred by res judicata from bringing RICO claims, and determined that Aubrey and Vodicka's RICO claims should be dismissed for that reason.  (Id. at 6–10.)

On February 3, 2016, Tutor moved the Court to sever his claims from those of Plaintiffs Steven Aubrey and Brian Vodicka. (Dkt. # 698.) This Court reviewed the record, denied Tutor's motion to sever, and stated that to the extent Colonel Tutor was seeking reconsideration of the Order dismissing his claims, he was barred both because he waited nearly two years to file the motion, and because his motion presented no new evidence to the Court. (Dkt. # 747 at 2–3.)

Tutor subsequently filed the instant Motion for a New Trial (Dkt. # 754). Former Defendants North American Title Company ("NAT") and Lesley Karen Williams ("Williams") filed a Response (Dkt. # 755).

## LEGAL STANDARD

Plaintiff's case was dismissed on the pleadings alone and no trial occurred; accordingly, the Court construes the motion as a motion for relief from a judgment or order, pursuant to Federal Rule of Civil Procedure 60. Rule 60(b) permits a court to

> relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion "must be made within a reasonable amount of time -- and for reasons (1), (2), and (3) no more than a year after the . . .

3

order." Id. at 60(c).  "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."  Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005).  This relief "is considered an extraordinary remedy," and "the desire for a judicial process that is predictable mandates caution in reopening judgments."  In re Pettle, 410 F.3d 189, 191 (5th Cir. 2005) (quoting Carter v. Fenner, 136 F.3d 1000, 1007 (5th Cir. 1998)).

## ANALYSIS

Tutor claims he was wrongfully dismissed from the suit for two reasons: first, because the Court's May 7, 2014, dismissal order did not address Tutor's RICO claims separately from Aubrey and Vodicka's RICO claims (Dkt. # 754 at 5, 8); and second, because his claims were not barred by the applicable statute of limitations because they were tolled on the basis of various equitable principles (id. at 6–8).  Accordingly, Tutor appears to be moving for relief from a final judgment on the basis of mistake, pursuant to Rule 60(b)(1).

The order dismissing Tutor from the suit was filed on May 7, 2014, and a motion seeking relief from a final judgment due to alleged mistake would have to be filed within one year of that date.  However, Tutor filed the instant motion on March 30, 2016—nearly a year after his time to request the Court's

4

reconsideration had expired. Accordingly, Tutor's motion is time-barred under Rule 60(c)(3).

Notwithstanding the time bar, Tutor brought his RICO claims together with those alleged by Aubrey and Vodicka in the Second Amended Complaint, and there is no reason for the Court to have considered his claims separately when determining whether they should be dismissed. (Dkt. # 467 ¶¶ 54–89.) Judge Sparks' May 7, 2014, order addressed Tutor's argument regarding equitable tolling, and found that it did not toll the applicable statute of limitations. (Dkt. # 536 at 11.) Tutor is barred by Rule 60(c)(3) from now re-litigating that claim. Accordingly, not only did Tutor state no basis for reconsideration of this Court's prior order dismissing his claims, but his motion is time-barred by Rule 60(c)(3). Accordingly, his Motion for a Partial New Trial is **DENIED** (Dkt. # 754).

I. Conclusion

For the aforementioned reasons, Tutor's Motion for a Partial New Trial is **DENIED** (Dkt. # 754).

**IT IS SO ORDERED.**

DATED: Austin, Texas, October 19, 2016.

_____
David Alan Ezra
Senior United States Distict Judge